Harry Michaels, Plaintiff-Appellee, v. Midwest Emery Freight Lines, Inc., an Ohio Corporation and Roland C. Snyder, an Individual, Defendants-Appellants.

Gen. No. 51,005.

First District, Second Division.

March 30, 1967.

Michael A. Gerrard and Allen S. Gerrard, of Chicago, for appellants.

Robert L. Landsman and Warren P. Landsman, of Chicago (Fredric R. Finne and Charles R. Winkler, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from a judgment in the amount of $15,000 for plaintiff for personal injuries sustained when a wheel of defendant's tractor-trailer allegedly rolled onto the side of plaintiff's left foot. Defendant maintains that plaintiff's evidence is such as to render the mishap impossible and that the trial court consequently erred in refusing to direct a verdict for the defendant.

Approximately 10:00 a. m. on November 16, 1960, plaintiff double parked his truck in a southerly direction in the southbound lane of Peoria Street, some 40 to 50 feet south of Lake Street, in Chicago. Peoria Street is a north-south street and is approximately 50 feet wide at the point where plaintiff double parked.

Plaintiff's truck was approximately one foot to the left (or east) of the vehicle parked at the curb. Plaintiff made a delivery from the rear of his truck and, in jumping off the tailgate, some change, his glasses and a pencil fell from his pocket and rolled beneath his truck. Plaintiff testified that he looked north on Peoria Street, noticed no traffic and crawled underneath his truck to recover the items which he had dropped.

Plaintiff's truck is sixteen feet long, six and one-half feet wide, and nine and one-half feet high. The tailgate, which extends approximately two feet beyond the back wall of the truck, is three feet above the ground. Plaintiff testified that, while under his truck, he was facing south on his hands and knees and was near and to the west of the left rear wheel. He stated that his legs extended some two or three feet beyond the rear end of his truck and that at no time was any part of his body extended to the east side of his vehicle.

Plaintiff testified that as he was picking up his belongings, the left side of his left foot was pinned by a tractor wheel. He stated' that with the pinning of his foot he heard the squeak of a trailer rubbing against the upper part of his truck. The tractor tire remained on his foot for some two to three minutes and was then backed off in a northerly direction. Plaintiff testified that he was pinned by the right rear wheel of the tractor.

The truck which allegedly struck plaintiff's foot was a tractor-trailer unit, aggregating some 35 feet in length. The tractor portion of the vehicle was four feet wide and eighteen feet long. Plaintiff testified on cross-examination that after the wheel was backed off his foot, defendant's vehicle was not moved until after plaintiff called the police. Plaintiff stated that, when he got to his feet, defendant's vehicle was "facing due south" and was not angled in any way, that "there

could have been two feet separating" defendant's vehicle from his own, that "the tractor was a little further up" in front of his own vehicle and that the trailer portion extended a distance behind plaintiff's vehicle, to the north.

A court or a jury is not required to accept inherently improbable testimony. Oliver v. Oliver, 340 Ill 445, 460, 172 NE 917; Tepper v. Campo, 398 Ill 496, 504, 76 NE2d 490. Liability may not be based on conjecture, speculation or imagination. Tiffin v. Great Atlantic & Pacific Tea Co., 18 Ill2d 48, 60, 162 NE2d 406. The jury could not have found defendant liable from the facts testified to by plaintiff.

With respect to his own physical position and that of his truck, plaintiff testified he was on his hands and knees beneath his truck, facing south, with some two to three feet of his legs extending beyond a rear portion of his truck. He also stated he was to the west of the left wheel of his truck and that at no time was any part of his body extended beyond the left side of his truck to the east. When he got to his feet after the alleged accident, plaintiff testified, defendant's truck was facing due south, the front of the tractor portion extended some distance beyond the front of his truck, there was a distance of some two feet between the two vehicles, and defendant's vehicle was not angled in any way. In the light of the fact that plaintiff testified that defendant's truck was not moved after the tractor wheel rolled onto the side of his foot except when it was backed off the foot, it was physically impossible for the right rear tractor wheel to have come into contact with plaintiff's foot. Defendant's motion for a directed verdict should have been allowed.

Therefore the judgment is reversed and the cause is remanded with directions to enter judgment notwithstanding the verdict for the defendants and against the plaintiff.

Judgment reversed and cause remanded with directions.

BRYANT, J., concurs.

LYONS, P. J., dissenting:

I cannot concur in the conclusion reached by the majority that the manner in which the injury was alleged to have occurred was inherently improbable. Only plaintiff and defendant, Snyder, testified as eyewitnesses to the incident, each as an interested party. The credibility and weight to be afforded their respective testimony were matters for the jury, not the court, to decide. Absent manifest error, it is not the province of this court to reweigh the evidence and substitute its judgment for that of a jury, even if it would have reached a contrary conclusion. Niman v. Pecatonica Livestock Exchange, 13 Ill App2d 144, 141 NE2d 327 (1957). After hearing all of the testimony, considering exhibits, and witnessing demeanor, the jury chose plaintiff's account of the accident as the more truthful of the two. I do not consider that conclusion to be either erroneous or unwarranted.

Motions for a directed verdict and judgment notwithstanding the verdict present the single question of whether there was any evidence, taken with all its reasonable intendments most favorable to plaintiff, which tends to prove the material elements of the negligence action. Markus v. Lake County Ready-Mix Co., 6 Ill App2d 420, 128 NE2d 370 (1955). The court cannot attempt to reconcile away any conflict in the evidence. Cardona v. Toczydlowski, 35 Ill App2d 11, 180 NE2d 709 (1962). Here, when called for cross-examination under section 60 of the Civil Practice Act, defendant stated that plaintiff's back was turned to his approaching vehicle. Defendant had an unobstructed view of plaintiff beneath the parked truck. He never sounded his horn. Defendant further remarked that plaintiff

was about 20 feet east of the curb, approximately 45 feet south of the intersection. He testified that he stopped his truck upon a signal from a driver proceeding in the opposite direction. He, furthermore, conceded to having called his company to report an "accident."

When called in his own behalf, defendant stated that plaintiff's truck was 10 to 15 feet "directly" in front of him. Yet, he continued by saying that his vehicle was never in the same lane of traffic as plaintiff's, never leaving that lane even as he crossed Lake Street. Taking cognizance of the width of Peoria Street (48 feet) and the dimensions of the vehicles here involved, this would mean that defendant crossed the intersection with one half of his truck in the path of oncoming traffic. The jury chose not to believe such a proposition. Assuming defendant crossed Lake Street in the proper lane, physical limitations dictate that he had to veer to his left into the oncoming lane to avoid a collision. This was exactly the theory offered by plaintiff. I do not feel that an injury being occasioned in this manner is inherently improbable.

Certainly, these attendant circumstances raised bona fide issues of fact, which when construed most favorably for plaintiff, would require the denial of motions for a directed verdict and judgment notwithstanding the verdict.