(No. 40647.—

HARRY MICHAELS, Appellant, *vs.* MIDWEST EMERY FREIGHT LINES, INC., *et al.*, Appellees.

*Opinion filed March 28, 1968.*

ROBERT L. LANDSMAN and WARREN P. LANDSMAN, both of Chicago, (CHARLES R. WINKLER and HARRY G. FINS, of counsel,) for appellant.

MICHAEL A. GERRARD and ALLEN S. GERRARD, both of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

A jury in the circuit court of Cook County returned a verdict for plaintiff Harry Michaels and awarded him

$15,000 for an injury he sustained when defendants' tractor-trailer rolled onto the side of his left foot. The appellate court, by a split vote, reversed the judgment entered on. this verdict and remanded the cause with directions to enter judgment for defendants notwithstanding the verdict. (81 Ill. App. 2d 277.) We granted plaintiff's petition for leave to appeal.

Plaintiff, who had double parked his truck facing south in the southbound lane of Peoria Street in Chicago while making a delivery, dropped his glasses, a pencil and some change under the truck. He crawled under the back end of the truck to retrieve these items. Defendant's tractor-trailer, also facing south, started to pass plaintiff's truck and the right rear wheel of the tractor-trailer ran onto plaintiff's foot which allegedly was sticking out some 2 to 3 feet from under the rear of his truck.

The majority appellate court opinion used the following reasoning to reach its conclusion that it was physically impossible for the right rear tractor wheel to have come into contact with plaintiff's foot:

"With respect to his own physical position and that of his truck, plaintiff testified he was on his hands and knees beneath his truck, facing south, with some two to three feet of his legs extending beyond a rear portion of his truck. He also stated he was to the west of the left wheel of his truck and that at no time was any part of his body extended beyond the left side of his truck to the east. When he got to his feet after the alleged accident, plaintiff testified, defendant's truck was facing due south, the front of the tractor portion extended some distance beyond the front of his truck, there was a distance of some two feet between the two vehicles, and defendant's vehicle was not angled in any way. In the light of the fact that plaintiff testified that defendant's truck was not moved after the tractor wheel rolled onto the side of his foot except when it was backed off the foot, it was physically impossible for the right rear

tractor wheel to have come into contact with plaintiff's foot. Defendant's motion for a directed verdict should have been allowed." 81 Ill. App. 2d 277, 280.

Assuming that after the accident defendants' tractor-trailer was not angled and that it had not been moved except when backed off the foot, then the conclusion that the rear wheel did not come into contact with plaintiff's foot is correct. It would appear more reasonable, however, that the jury was correct in deciding that plaintiff was mistaken about the position of the tractor-trailer after the accident or mistaken about how much it had been moved rather than mistaken about whether it rolled onto his foot.

Furthermore, other evidence in the record supports the conclusion that defendants' tractor-trailer made contact with plaintiff's foot and his truck. The defendant driver testified that he made a telephone call to his company to report an accident and that plaintiff called the police. There is also evidence from which the jury could find that defendants' tractor-trailer came up behind plaintiff's truck, that the driver saw plaintiff under the truck, and that he veered to his left to pass plaintiff's truck and without warning came so close to the left rear corner as to scrape the truck and run onto plaintiff's foot sticking out from under the rear of the truck.

Defendants have argued that plaintiff was guilty of contributory negligence as a matter of law and that the defendant driver was not guilty of negligence as a matter of law. Our examination of the record convinces us that the evidence on each of these issues was such that they were properly submitted to the jury.

The judgment of the appellate court is reversed and that of the trial court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*